## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    10 S. Howard Street, 3rd Floor<br>    Baltimore, Maryland 21201 | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| v. | ) ) ) | |
| **STEEL SERVICES, INC.**<br>    835 Boundary St.<br>    Salisbury, Maryland 21801 | ) ) ) ) | Civil Action No. |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jason Gregory ("Gregory"), who was adversely affected by such practices.   The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Steel Services, Inc. ("Defendant") unlawfully discriminated against Gregory by failing to reasonably accommodate him and terminating his employment because of his disabilities, record of disabilities, and in retaliation for requesting a reasonable accommodation for his disabilities, in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant Steel Services, Inc. has continuously been a Virginia corporation doing business in the State of Maryland and the City of Salisbury, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Jason Gregory filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.

8.     On July 15, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On July 31, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

13.     At all relevant times, Gregory was an individual with actual disabilities and a record of disabilities as defined by the ADA.

14.     At all relevant times, Gregory suffered from several mental impairments: bipolar, depressive, and anxiety disorders.

15.     At all relevant times, and a result of his disability, Gregory was substantially limited in the major life activities of brain function, thinking, concentrating, and interacting with others.

16.     At all relevant times, Gregory was qualified to perform the essential functions of his

3

job.

17.     Defendant hired Gregory in October 1997 as a driver for its Salisbury, Maryland service center. In 2004, Defendant promoted Gregory to Outside Sales Clerk.

18.     As an Outside Sales Clerk, Gregory's job duties included selling steel products, identifying and cultivating relationships with new customers, maintaining and strengthening relationships with existing customers, and performing administrative duties.

19.     Gregory performed his Outside Sales Clerk job duties without incident until January 2013, when he was diagnosed with several disabilities.

20.     From late January 2013 through mid-April 2013, Gregory was unable to work and on leave for reasons related to his disabilities.  During this time, Gregory was diagnosed with bipolar, depressive, and anxiety disorders and was prescribed medication to control his symptoms.

21.     In or around February 2013, Gregory's wife informed his supervisor of his diagnoses.

22.     Gregory returned to work with a full medical release in April 2013.

23.     In or around January 2014, Gregory informed his supervisor that he needed to see a doctor.  His supervisor warned that if he took leave additional medical leave, the outcome "would not be good," or words to that effect.

24.     On or about March 7, 2014, Gregory saw another doctor and had his medications adjusted.

25.     On March 11, 2014, Gregory saw a clinical psychologist who advised him to request two weeks of leave from work to allow the new medications to take effect.  When Gregory returned to work later that day to provide his leave request to his supervisor, she told Gregory that

4

"it was the end of the road" for him, and that his "services were no longer needed" because Defendant needed a "fully functioning salesman on the road."

26.     Since at least January 2014, Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b) and 12203(a).   The unlawful employment practices include:

a.     failing to provide Gregory a reasonable accommodation of additional leave;

b.     discharging Gregory because of his disabilities and record of disabilities; and

c.     discharging Gregory in retaliation for requesting a reasonable accommodation for his disabilities.

27.     The effect of the practices complained of in paragraphs 17-26 above has been to deprive Gregory of equal employment opportunities and otherwise adversely affect his status as an employee because of his disabilities.

28.     The effect of the practices complained of in paragraphs 17-26 above has been to deprive Gregory of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of his disabilities.

29.     The unlawful employment practices complained of in paragraphs 17-26 above were intentional.

30.     The unlawful employment practices complained of in paragraphs 17-26 above were done with malice or with reckless indifference to the federally protected rights of Gregory.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating by discharging qualified employees because of a disability; failing to provide reasonable accommodations to individuals covered by the ADA; and retaliating against individuals for exercising rights protected by the ADA;

B.      Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant to make whole Gregory by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D.      Order Defendant to make whole  Gregory by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

E.      Order Defendant to make whole Gregory by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Gregory punitive damages for its malicious and reckless

6

conduct, as described above, in an amount to be determined at trial;

G.     Grant such further relief as the Court deems necessary and proper in the public interest; and

H.     Award the EEOC its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

CHIOMA CHUKWU
Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2730 (phone)
(410) 962-2221 (fax)
Chioma.Chukwu@eeoc.gov