**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY )
    COMMISSION, )
                                )
          Plaintiff, )
                                )    Civil Action No. 1:15-cv-02687-JFM
        v. )
                                )
STEEL SERVICES, INC., )
                                )
          Defendant. )

## CONSENT DECREE

This action was instituted by Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, Steel Services, Inc. ("Defendant" or "Steel Services"), alleging that Defendant violated Sections 102(a) and (b) of Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, 42 U.S.C. §§ 12112(a), (b), and 12203(a), and Title I of the Civil Rights Act of 1991, by failing to provide Charging Party Jason Gregory ("Gregory") a reasonable accommodation and by discharging him because of his disability, and in retaliation for requesting a reasonable accommodation. Steel Services denies that it discriminated against Gregory or otherwise violated the ADA or the Civil Rights Act.

The parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree, which will promote and effectuate the purposes of the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due

consideration of the pleadings and the record as a whole, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1.      This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action, which emanate from the Charge of Discrimination filed by Jason Gregory.  This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such pending or future charges as the Commission sees fit.

2.      This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.  During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3.      This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case.

### Relief to Jason Gregory

4.      Within ten business days of entry of this Decree, Defendant shall pay Gregory monetary relief in the total amount of $39,500, representing $19,000 in back pay with interest, $19,500 in non-pecuniary compensatory damages, and $1,000 in attorney's fees.     Defendant will issue to Gregory an IRS Form 1099 for the 2016 tax year for the compensatory damages and attorney's fees amount and an IRS W-2 form for the 2016 tax year for the back pay amount. Defendant shall make all legally required withholdings from the back pay amount.  The checks and IRS forms will be sent directly to Gregory, and a photocopy of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd

Floor, Baltimore, Maryland 21201 (Attention: Trial Attorney Chioma Chukwu) or emailed to chioma.chukwu@eeoc.gov.

5.      Defendant shall provide Gregory, within ten days of the entry of this Decree, with a neutral letter of reference, on Steel Services letterhead, and signed by the manager of the facility at which Gregory was employed, setting forth the following: Gregory's dates of employment, position, and work location. This letter shall be given to any potential employer, headhunter, or other person requesting a written response to its inquiry about Gregory's employment history or performance. In response to any verbal inquiry received by Steel Services concerning Gregory from a potential employer, headhunter, or other person inquiring about Gregory's employment history or performance, Defendant shall provide a neutral reference indicating the same.

## Injunctive Relief

6.      Defendant, its officers, agents, and supervisory employees, and all persons acting or claiming to act in their behalf and interest hereby are enjoined from denying reasonable accommodations to qualified individuals with disabilities and violating the ADA, and related regulations:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

> [T]he term 'discriminate against a qualified individual on the basis of disability' includes . . . not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . .

42 U.S.C. § 12112(b)(5).

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful . . . or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing . . . .

42 U.S.C. § 12203(a).

Nothing shall prohibit Steel Services from defending itself against any claim that it has violated the injunction set forth in this Paragraph. 6.

### Written Policies & Procedures

7. Within 45 days from the entry of this Decree, Defendant will (i) implement and disseminate to all employees and new hires a new Equal Employment Policy, which includes an ADA-specific policy that explains Defendant's obligation to engage in the interactive process and identifies examples of reasonable accommodations, including leaves of absence, to ensure that Defendant provides reasonable accommodations for employees with disabilities when required by the ADA; (ii) publicize the new policy to all present and future employees; and (iii) adhere to the new policy. The policy shall be approved by the EEOC ten days prior to its dissemination.

### ADA Training

8. Within two months from the entry of this Decree, and in the second year in which this Decree is in effect, Defendant will provide all supervisors, managers and supervisory individuals involved in the hiring process, with no fewer than two hours of live training on the requirements and prohibitions of the ADA. The ADA training shall be conducted by a qualified individual with experience with laws prohibiting employment discrimination, and shall cover all areas of prohibited ADA employment discrimination, including reasonable accommodation and the duty to engage in an interactive process. Defendant will maintain attendance records identifying the name and job title of the attendees at each session. Within ten days of the

training, Defendant will forward to EEOC a copy of the attendance records from the training session.

9. Within one year from the entry of this Decree, Defendant shall provide newly hired or promoted managers, supervisory personnel, and all individuals involved with the hiring process, with ADA training. The training will be conducted live or in DVD/video format. The content of the training shall be the same as that set forth in paragraph 8. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each such employee's managerial or supervisory position, and date of training. Within ten days of the training, Defendant will forward to the EEOC a copy of the attendance records from the training session.

Notice and Postings

10. Within ten business days of entry of this Decree, Defendant will cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

11. Within ten business days of entry of this Decree, Defendant will post in the place where notices to employees customarily are posted at the facility in which Gregory was employed, the Notice attached hereto as Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall be signed by a representative of Defendant with the date of actual posting shown thereon. Should the Exhibit become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibit are posted in the same manner as specified above. With its next report to the EEOC, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice (Exhibit A) and written certification that the Notice (Exhibit A) has been posted and a statement

of the location(s) and date of posting.

Monitoring Provisions

12.    Within six months of the entry of this Decree, and every six months thereafter, Defendant will prepare and submit to the Commission a list of all individuals in the facility at which Gregory was employed, who have complained of or reported any discrimination in employment, on the basis of disability, to any human resource personnel or supervisory employee, or filed a Charge of discrimination on the basis of disability with any governmental agency during the prior year. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during the period for which the report is made, Defendant will so inform the Commission's Baltimore Field Office.

13.    In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of the facility at which Gregory was employed, and records of employees at such facility, and interviews with employees at such facility at reasonable business times. Defendant shall have the right to presence of and representation of counsel at any interview of a supervisory employee. Upon 10 days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by the EEOC from the facility sought to be inspected by the EEOC, and employees sought to be interviewed by the EEOC as described herein.

14.     All materials required by this Decree to be sent to the EEOC shall be addressed to:  Chioma Chukwu, Trial Attorney, Equal Employment Opportunity Commission, Baltimore Field Office.  The materials shall be sent by electronic mail to chioma.chukwu@eeoc.gov.

15.     The Commission and Defendant shall bear their own costs and attorneys' fees.

16.     The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

_____/s/_____
Debra M. Lawrence
Regional Attorney

_____/s/_____
Maria Salacuse
Supervisory Trial Attorney

_____/s/_____
Chioma Chukwu
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
Phone: (410) 209-2730
Email: chioma.chukwu@eeoc.gov

*Counsel for Plaintiff Equal Employment
Opportunity Commission*

Respectfully submitted,

FOR DEFENDANT:

_____/s/_____
Stephen M. Silvestri, Esq.
Jackson Lewis PC
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Phone: 410-415-2006
Email: stephen.silvestri@jacksonlewis.com

*Counsel for Defendant Steel Services, Inc.*

**SO ORDERED.**

Signed and entered this ___ day of _____, 2016.

_____
J. Frederick Motz
United States District Judge

4839-9632-0046, v. 1